By the Court :
It is very clear that the plea is bad. The matters of fact which it was supposed rendered the imprisonment illegal, ought to have been set out, so that the court might judge of their sufficiency if demurred to, or that the proof might be applied to them if they were traversed. As it stands, *the plea alleges no fact to sustain the conclusion it asserts, that the party was not legally imprisoned ; and were we to give judgment for the defendant no person, from perusing the record, could tell upon what our judgment was grounded.
The qualification in the recognizance, that it was only to be valid in case the prisoner was legally imprisoned, can have no operative effect, and must be regarded as mere surplusage. If the party were illegally imprisoned, the law provided a means for his legal discharge, and when discharged, the recognizance could not bind him or his bail, if these terms were not contained in it. If taken under any circumstances that could legally affect its obligatory force, the defendants could avail themselves, by way of defense, of such circumstances, though no reference were made to them in the recognizance. The terms inserted can not, therefore, either vitiate the recognizance, or enlarge or restrict its obligation.
Judgment affirmed.